UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 SEP 12 PM 4:23

CLERK
BY ___LAW___
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PHILIPPE ALVAREZ,<br>   a.k.a. "Jimmy Tea" and<br>PAUL CONNEH,<br>   a.k.a. "Polo" and "Rickey Rozay,"<br>Defendants. | Docket No.<br><br>2:24-cr-98-1-2 |

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

In or about the summer of 2023, in the District of Vermont and elsewhere, the defendants, PHILIPPE ALVAREZ, a.k.a. "Jimmy Tea" and PAUL CONNEH, a.k.a. "Polo" and "Rickey Rozay," with others, known and unknown, having devised and intending to devise a scheme to defraud and to obtain money by means of false and fraudulent pretenses, representations, and promises, conspired to transmit and cause to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme.

(18 U.S.C. §§ 1343, 1349)

## COUNT TWO

In or about the summer of 2023, in the District of Vermont and elsewhere, the defendants, PHILIPPE ALVAREZ, a.k.a. "Jimmy Tea" and PAUL CONNEH, a.k.a. "Polo" and "Rickey Rozay," did knowingly combine, conspire, and agree with other persons known and unknown, to commit an offense against the United States in violation of Title 18, United States Code, Section 1956, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is monetary funds, knowing that the transactions were designed in whole or in part to promote the carrying on of the specified unlawful activity, namely, wire fraud, in violation of 18 U.S.C. § 1343, and that while conducting and attempting to conduct such financial transactions knew that the monetary funds involved in the financial transactions represented the proceeds of some form of unlawful activity.

(18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i))

## FORFEITURE NOTICE

1. The allegations contained in Counts One and Two of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging criminal forfeiture.

2. The United States hereby gives notice to the defendants charged in Count One that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C), and title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offense.

3. The United States hereby gives notice to the defendants charged in Count Two that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), of all property involved in each offense of conviction in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, and all property traceable to such property.

4. If any forfeitable property described above, as a result of any act or omission of the defendants:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third party;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

A TRUE BILL

███████████
F█████████

*Nikolas P. Kerest*

NIKOLAS P. KEREST (NTB/PJV)
United States Attorney
Burlington, Vermont
September 12, 2024

4